## MARY E. SCHUYLER v. ANNA ANDERSON AND FRANK N. TOMLINSON.

### Slander—Evidence.

The fact that a landlady has had trouble with a tenant about rent, and said to her, "You will be sorry;" and the further fact that a lady who lived with and worked for the landlady afterwards spoke slanderous words of the tenant in the presence and hearing of the landlady,—will not justify a jury in finding that the landlady was the author or instigator of the slanderous words so spoken, it appearing that she neither said nor did anything militating against the tenant, and the only evidence of her having heard the slanderous words, which she denies, being the inference drawn from her presence within hearing distance.

Error to Wayne. (Gartner, J.) Argued April 22, 1892. Decided May 13, 1892.

Case. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*Stewart & Galloway*, for appellant, contended:

1. The court erred in taking the case from the jury, as there was evidence to go to the jury in support of the theory that

APRIL TERM 1892.

defendants either uttered the slander, or were the cause of its utterance; citing *Gibbons v. Farwell*, 63 Mich. 348; *Weyburn Kipp Estate*, Id. 79; *Teipel v. Hilsendegen*, 44 Id. 462; *Demill v. Moffat*, 45 Id. 412; *People v. Eaton*, 59 Id. 559.

*Corliss, Andrus & Leete*, for defendants.

MORSE, C. J. This is an action for slander. The circuit judge directed a verdict for defendants.

The declaration averred that defendants said of and concerning plaintiff, in the presence and hearing of William H. Chesebrough, secretary and treasurer, and William C. Lautner, vice-president and business manager, of the Detroit Metallic Casket Company, the plaintiff being an employé of said company,—

"She is a thief. She has stolen broadcloth from the Detroit Metallic Casket Company."

In another count it is charged that defendants said in substance in this conversation:

"She has lately made up four or five black broadcloth dresses, and two or more light-colored broadcloth dresses. You had better look out for her, and see what she does with your broadcloth. She acts suspiciously about them, and does not come honestly by them. She conceals them, and does not want people to know about them."

It is alleged that the precise language cannot be given, because of the refusal of the officers of the said Detroit Metallic Casket Company to give the same.

Upon the trial nothing at all was proven against Tomlinson, and it is not claimed that any cause of action was shown against him. But it is contended that the case should have gone to the jury as against Mrs. Anderson.

The plaintiff was forelady in the factory of the Detroit Metallic Casket Company. She rented a house of defendant Mrs. Anderson. In the forenoon of February 24, 1890, Mrs. Anderson went to the office of the company,

and saw Mr. Chesebrough. Another lady was with her, whom she introduced to Chesebrough, but he could not remember her name. Mrs. Anderson testifies that it was Miss Turmin, who lived and worked at her house. Chesebrough swears that Mrs. Anderson said that she was the landlady of plaintiff, and had come to see how much plaintiff was getting a week, and whether an arrangement could not be made by which she could receive any of it to apply on what was owing her for rent; that the other lady, in the presence and hearing of Mrs. Anderson, said to him as follows:

"She warned me that there might be something taken, and possibly broadcloth; but what the words were I cannot tell exactly. She hinted to me in that way, you know, that I might be on my guard; that I had better be on my guard.

"Q. Did she give you any reason why?

"A. Well, I think she did say she had noticed some stuff there, or something of that kind.

"Q. What did she say she had noticed there?

"A. Some cloths.

"Q. Did she say anything about what had been done with the cloths?

"A. I think she saw some piece goods. Some was in the piece, and making some up in dresses.

"Q. How many dresses did this lady say had been made up?

"A. I think she made a remark something like this: 'Two or three dresses.'

"Q. Did you ask what color they were?

"A. I don't remember, but it is quite likely I did."

He communicated this to Mr. Lautner. The plaintiff's house was searched, but nothing found belonging to the company. He also testified that Mrs. Anderson took no part in the conversation. Plaintiff was dismissed from the employment of the company upon the same day, but Mr. Lautner testifies that she was dismissed because she admitted that she had taken a table-cloth. Plaintiff denies this. Mrs. Anderson testifies that she said noth-

ing while there about broadcloth; did not hear Miss Turmin say anything whatever to Chesebrough; and that she was not out of her presence any of the time while there. Miss Turmin was not sworn. Plaintiff testified that she had never appropriated anything from the company; that she was renting a house of Mrs. Anderson; found she could not pay the rent, and told her that she would have to give up the house, and get a cheaper one, and would try and pay $5 per week on the back rent. Mrs. Anderson wanted she should give her an order on the company, and when she refused to do so Mrs. Anderson said, "You will be sorry for it." Mrs. Anderson, the next day after this talk, commenced proceedings to oust plaintiff for non-payment of rent.

The direction of the court was correct. The fact that Mrs. Anderson had had trouble with plaintiff about rent, and had said to her, "You will be sorry;" and the further fact that Miss Turmin, who lived and worked for Mrs. Anderson, spoke slanderous words of plaintiff in the presence and hearing of Mrs. Anderson,—would not justify a jury in finding that Mrs. Anderson was the author or instigator of the slanderous words so spoken. Mrs. Anderson said nothing and did nothing, according to Chesebrough's testimony, militating against the plaintiff; and there is no evidence that she heard what Miss Turmin said, except from the inference of her presence within hearing distance. She denies hearing it. There ought to be something more in a case than there is in this one in order to hold one person liable for slanderous words uttered by another. Odgers, Sland. & L. 360; Newell, Defam. 376.

The judgment is affirmed, with costs.

McGRATH, GRANT, and MONTGOMERY, JJ., concurred. LONG, J., did not sit.